IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT WARDRICK,                          *

Petitioner,                               *

v.                                        *          Civil Action No. JKB-23-2014

STATE OF MARYLAND, et al.,                *

Respondents.                              *
                                         ***

## MEMORANDUM OPINION

The above-entitled Petition for Writ of Habeas Corpus was filed on July 25, 2023. ECF No. 1. Respondents have answered the Petition and argue that it must be dismissed as Petitioner has failed to exhaust his state court remedies. ECF No. 11. There is no need for an evidentiary hearing. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts and Local Rule 105.6 (D. Md. 2023); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons that follow, the Petition is dismissed without prejudice, and a certificate of appealability shall not issue.

Petitioner challenges the validity of his 2020 violation of probation entered in the Circuit Court for Baltimore City, Maryland. ECF No. 1. In his initial Petition, Petitioner did not provide a case number for the conviction he sought to challenge. As explained below, Petitioner had two violation of probation cases (Case Nos. 114163012 and 114311025), which proceeded for a time along the same procedural track. However, only one judgment of conviction can be challenged in a habeas petition. *See* Rule 2(e), Rules Governing Section 2254 Cases in the United States District Courts. The Court construes the Petition as challenging the violation of probation entered in Case

No. 114311025. If Petitioner wishes to challenge the violation of probation entered in Case No.

114163012, he may file a new petition for writ of habeas corpus setting forth those claims.[1]

The record before the Court establishes the following procedural history, as explained by

the State Post Conviction Court:[2]

> On December 11, 2014, Robert Wardrick ("the Petitioner") pled guilty to sex abuse
> of a minor, for which he was sentenced to a 10-year period of incarceration, with 7
> years suspended and placed on a 5-year period of probation upon release in case
> #114163012.
>
> On that same date, the Petitioner also pled guilty to third degree sex offense of the
> same victim and was sentenced to 10-year period of incarceration, with 7 years
> suspended and placed on a 5-year period of probation upon release in case
> #114311025; to run concurrent to the sentence in case #114163012.[3]
>
> On January 22, 2020, . . . [with] representation of Counsel Megan Lewis, the
> Petitioner pled guilty to second degree rape, and was sentenced to 20 years with 12
> years suspended and placed on another 5-year period of probation in case
> #119196003.
>
> On February 27, 2020, the Petitioner filed a Petition for Post-Conviction Relief [in
> Case No. 119196003] alleging ineffective assistance of counsel against VOP
> Counsel, Megan Lewis ("VOP Counsel").
>
> On March 5, 2020, the Petitioner came before the [court], for a violation of
> probation hearing [in Case Nos. 114311025 and 114163012]. The Petitioner was
> represented by "VOP Counsel" and the Petitioner entered an admission to a "rule
> 4" violation, admitting that he violated his probation by failing to obey all laws
> while on probation; specifically, that he incurred a new conviction in case
> #119196003. The Petitioner also admitted to violating the special condition of his
> probation.
>
> On that same date, the [court] sentenced the Petitioner to 7 years in cases
> #114163012 and #114311025; to run concurrent to one another; and 7-year
> sentence is to run consecutive to his sentence in case ending in #119196003.[4]

---

[1] As noted by Respondents in their Answer, the claims raised in the context of Case No. 114163012 appear to be procedurally defaulted.

[2] The numbering of the paragraphs in the Court's opinion has been omitted.

[3] Petitioner did not file an application for leave to appeal from either conviction.

[4] Petitioner filed an application for leave to appeal his VOP conviction in Case No. 114311025 (ECF No. 11 at 48–51) which was summarily denied by the Appellate Court of Maryland (formerly known as the Court of Special Appeals

On March 29, 2022, the Petitioner filed a pro se petition for post-conviction relief in case #114163012.

On March 17, 2023, the Petitioner filed a memorandum regarding his pro se claims, by and through his attorney . . . ; where the Petitioner also requested [the] Court to hear the same Post-Conviction claims in case #114311025.

ECF No. 11-1 at 90–91.

A post-conviction hearing was held on April 12, 2023. ECF No. 11-2 at 1. The Court issued a ruling from the bench denying Petitioner's claims in both Case No. 114163012 and 114311025. *Id* at 41. Thereafter, on April 21, 2023, the post-conviction court issued a written memorandum opinion and order denying Petitioner's claims. ECF No. 11-1 at 90–97.

Petitioner filed a timely application for leave to appeal. ECF No. 11 at 84–89. On May 18, 2023, the court clerk noted that petitioner had not filed a request for waiver of costs. *Id.* at 11. Nevertheless, Petitioner's application for leave to appeal was forwarded to a judge for disposition. *Id.* at 12. As of the date of Respondents' Answer, no ruling had been made on Petitioner's application for leave to appeal filed in Case No. 114311025.[5]

Before this Court may consider the merits of claims raised under 28 U.S.C. § 2254 which challenge the validity of a state court conviction, those claims must be exhausted before the state courts. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it.

---

of Maryland). *Id.* at 52–53. Petitioner did not timely file an application in his other VOP case, Case No. 114163012. *Id.* at 18.

[5] Petitioner's application for leave to appeal filed in Case No. 114163012 was dismissed for failure to pay the filing fee. ECF No. 11-1 at 98–99.

To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court where Petitioner was convicted and, if unsuccessful, must also be raised in an application for leave to appeal to the Appellate Court of Maryland. *See* Md. Code Ann., Crim. Proc., § 7-109.   If the Appellate Court of Maryland denies the application, there is no further review available and the claim is exhausted. *See* Md. Code Ann.,  Cts. & Jud. Proc., § 12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Supreme Court of Maryland. *See Williams, supra.*

Petitioner's application for leave to appeal remains pending in the state court and thus he has not exhausted his claim.[6] The Court therefore must dismiss his claim. Petitioner is cautioned that he must also comply with a one-year filing deadline to file a petition with this Court following exhaustion of his claims.  Petitioner is forewarned that the one-year filing deadline begins to run on the date his conviction is final.  The one-year period is "tolled" during the time a properly filed post-conviction petition is pending in state court.  This means that, until a properly filed post-conviction petition is filed, the one-year time limitation for federal habeas corpus continues to run. Once post-conviction proceedings are completed through state court appellate review, whatever time is left on the one-year time limit is the period of time Petitioner has to seek federal habeas corpus review.  Given these constraints, the instant Petition will be dismissed without prejudice to accord Petitioner adequate time and notice to comply with both the exhaustion and filing deadline requirements.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

---

[6] Having found the claim unexhausted, the Court need not address Respondents' additional argument regarding abstention.

4

right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).  Petitioner fails to meet this standard and a Certificate of Appealability shall not issue.  A separate Order follows.


Dated this __18__ day of December, 2023.

FOR THE COURT:

_James K. Bredar_

James K. Bredar
Chief Judge
